UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 12-20673-CIV-GRAHAM

**CLOSED CIVIL CASE**

ROBERTO ROMAGNOLI; MARCO ROMAGNOLI;
and DINURO INVESTMENTS, LLC, a
Florida limited liability company,

    Plaintiffs,

vs.

FELISBERTO FIGUEIRA CAMACHO; FELMA,
LLC, a Florida limited liability
company; MERICI, LLC, a Florida
limited liability company; JAVIER
MACEDO; ROMAC, LLC, a Florida
limited liability company; STARMAC,
LLC, a Florida limited liability
company; SR-ACQUISITIONS, LLC, a
Florida limited liability company; SR
ACQUISITIONS - FLORIDA CITY, LLC, a
Florida limited liability company;
RS ACQUISITIONS, LLC, a Florida
limited liability company; FELCA, LLC,
a Florida limited liability company;
and OCEAN BANK,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Merici, LLC; Starmac, LLC; SR Acquisitions - Florida City, LLC; SR Acquisitions - Homestead, LLC; Romac, LLC; Felma, LLC; SR Acquisitions, LLC; Felca, LLC; and Javier Macedo's (the "MSSSRFSFM Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint [D.E. 14] and Defendant Ocean Bank's Motion to Dismiss Plaintiffs' Second Amended Complaint

[D.E. 15].[1]

**THE COURT** has considered the Motions, the pertinent portions of the Record, and is otherwise fully advised in the premises.

## I. BACKGROUND

This case stems from a dispute between the members of two limited liability companies, San Remo Homes at Florida City, LLC ("San Remo-Florida City") and San Remo Homes at Homestead, LLC ("San Remo-Homestead")(collectively, the "San Remo Entities") regarding their default on two separate promissory notes issued by the San Remo Entities in favor of Ocean Bank and the subsequent purchase of the notes by SR Acquisitions - Florida City, LLC ("SR-Florida City") and SR Acquisitions - Homestead, LLC ("SR-Homestead").

Marco Romagnoli and Roberto Romagnoli (the "Romagnoli Brothers") are the co-managing members of Dinuro Investments, LLC ("Dinuro")(collectively, "Plaintiffs").[2] According to the Second Amended Complaint, the Romagnoli Brothers entered into several business ventures with Felisberto Camacho ("Camacho") and Javier Macedo ("Macedo") to develop town homes in Miami-Dade County,

---

[1] Defendant Felisberto Camacho has not been served with legal process as of the date of this Order.

[2] The served Defendants argue Dinuro has improperly added the Romagnoli Brothers as Plaintiffs to the Second Amended Complaint. The Court disagrees. In the state court's order dismissing Dinuro's First Amended Complaint without prejudice, Dinuro was granted leave to file a second amended complaint - without additional restriction. Rule 1.250 of the Florida Rules of Civil Procedure permits the addition of the Romagnoli Brothers as Plaintiffs in this instance. See Fla. R. Civ. P. 1.250(c) ("If amendment by leave of court . . . is permitted, parties may be added in the amended pleading without further order of court.").

Florida. Camacho is the sole managing member of Merici, LLC ("Merici") and Felma, LLC. Macedo is the sole managing member of Starmac, LLC ("Starmac") and Romac, LLC. Macedo is also a director and shareholder of Ocean Bank (the "Bank").

In 2005, Dinuro, Merici, and Starmac formed San Remo-Florida City and San Remo-Homestead to purchase and develop town home communities. To facilitate their purchase of real property, San Remo-Florida City and San Remo-Homestead each obtained a mortgage loan (the "San Remo Loans") from the Bank. Pursuant to these transactions, the companies each executed and delivered a mortgage deed, security agreement, and promissory note in the Bank's favor.

Problems between the parties arose sometime before the loans matured on March 29, 2010, when Starmac and Merici voted to allow San Remo-Florida City and San Remo-Homestead to default on their respective loans. After the default, Camacho and Macedo informed the Romagnoli Brothers of their intention to create a competing company to purchase the San Remo Loans from the Bank. Macedo and Camacho invited Dinuro to purchase a membership interest in SR Acquisitions, LLC, but under the proposed terms of that company's operating agreement, the Romagnoli Brothers and Dinuro would not have been protected from a squeeze out.

On July 19, 2010, the Bank informed Dinuro that it received a request to purchase the San Remo Loans for the "purchase price that equates to the unpaid principal balance plus all accrued and default

3

interest up until the day of closing" [D.E. 1-6, ¶ 58]. On August 9, 2010, the Bank sold all of the rights under the San Remo Loans to SR-Florida City and SR-Homestead, two companies formed by Macedo and Camacho for this purpose. Unlike the terms offered to Dinuro, the Bank allegedly waived all interest and default penalties in computing the final sale price. Following the sale, SR-Florida City and SR-Homestead provided the San Remo Entities notice that they acquired the San Remo Loans, that the San Remo Entities were in default, and that payment was due thereunder. SR-Florida City and SR-Homestead then initiated judicial proceedings against the San Remo Entities to foreclose on the mortgages and all of the collateral under the San Remo Loans.

Plaintiffs brought the instant action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging Defendants are liable for breach of contract (Count I), usurpation of corporate opportunity (Count II), breach of fiduciary duty (Count III), tortious interference with a contractual relationship (Count IV), tortious interference with a business relationship (Count V), violation of 12 U.S.C. § 375 (Count VI), and conspiracy to commit Counts I through III (Count VII). On February 17, 2012, this matter was properly removed to Federal District Court for the Southern District of Florida.

## II. STANDARD OF REVIEW

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

4

contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)(internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). In reviewing the Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997). But this tenet does not apply to legal conclusions, unsupported by factual allegations. <u>Iqbal</u>, 149 S. Ct. at 1949. Dismissal of a claim is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. <u>Marshall Cnty. Bd. Of Ed. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. DISCUSSION

### A. Violation of 12 U.S.C. § 375

In Count VI of the Second Amended Complaint, Plaintiffs allege that "Defendant Macedo knowingly violated [12 U.S.C.] Section 375 by permitting the Bank's officers and directors to sell the San Remo-Florida City and San Remo-Homestead Loan documents to SR-Florida City and SR-Homestead on terms more favorable than those offered to the Romagnolis and Dinuro" [D.E. 1-6, ¶ 97].

Section 375, applicable at the time of the alleged misconduct, provided, "[a]ny *member bank* may sell securities or other property to any of its directors, or to a firm of which any of its directors is a member, in the regular course of business on terms not more favorable to such director or firm than those offered to others . . . ." 12 U.S.C. § 375 (2010)(emphasis added)(repealed by Pub. L. 111-203 on July 21, 2011). Although Macedo is not himself a "member bank," Plaintiffs make two arguments for its application to Macedo's alleged conduct.[3] First, Plaintiffs argue that Macedo can be held liable under 12 U.S.C. § 503 because he is a director of the Bank. The Court cannot agree.

Section 503 provides:

> If the directors or officers of any *member bank* shall knowingly violate or permit any of the agents, officers, or directors of any *member bank* to violate any of the

---

[3] 12 U.S.C. § 221 defines "member bank" as "any national bank, State bank, or bank or trust company which has become a member of one of the reserve banks created by this Act."

>     provisions of [section 375] . . . every director and
>     officer participating in or assenting to such violation
>     shall be held liable in his personal and individual
>     capacity for all damages which the member bank, its
>     shareholders, or any other persons shall have sustained in
>     consequence of such violation.

12 U.S.C. § 503 (emphasis added). By its terms, section 375 applied only to banks which are members of the Federal Reserve System. Id. § 375 (2010). Likewise, section 503 applies only to the directors and officers of such member banks. Id. § 503; see also Homes by Michelle, Inc. v. Fed. Sav. Bank, 733 F. Supp. 1495, 1499 (N.D. GA 1990)("12 U.S.C. § 503 . . . imposes liability only on directors and officers of member banks."); Lode v. Leonardo, 577 F. Supp. 675, 678 (N.D. Ill. 1982)("[12 U.S.C. § 503] applies only to banks which are 'members' of the Federal Reserve System."). Under these circumstances, the bank's status as a "member" must be alleged because it is "an essential element of claims based on statutes that apply only to banks that are members of the Federal Reserve System." Homes by Michelle, 733 F. Supp. at 1499. Plaintiffs do not allege, nor do they argue, that Ocean bank is a member bank or that Macedo is an officer or director of a member bank. This is fatal to Plaintiffs' claim.

Plaintiffs next argue that Macedo can be held liable because section 1828(j)(2) authorizes section 375 claims against nonmember banks. The Court finds this argument is without merit. Section 1828(j)(2) states, "[s]ections 375a and 375b of this title shall apply with respect to every nonmember insured bank in the same manner

and to the same extent as if the nonmember insured bank were a member bank." 12 U.S.C. § 1828(j)(2). From the plain language of the statute, it is apparent that section 1828(j)(2) is applicable to section 375a and 375b claims, not section 375 claims.[4] Furthermore, while a private right of action is afforded by section 503, no such right exists under section 1828(j)(2). See Lode, 557 F. Supp. at 678-80 (finding neither an express nor an implied private right of action under 12 U.S.C. § 1828(j)(2)); Homes by Michelle, 733 F. Supp. at 1499 (same). Therefore, Plaintiffs may not bring a claim under that section for a violation of section 375, or otherwise. Finally, even if there was a private right of action, section 1828(j)(2) applies to nonmember insured banks - not the directors of those banks. Thus, Plaintiffs have no cognizable claim against Macedo under section 1828(j)(2). Based on the foregoing, the Court finds that Plaintiffs have failed to state a claim for the violation of 12 U.S.C. § 375 against Macedo. Accordingly, the MSSSRFSFM Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint is GRANTED with respect to Count VI.

---

[4] It is worth noting that the parties appear to use § 375, § 375(a), and § 375a interchangeably. The Court construes Dinuro's allegations solely under § 375 because at the time of the alleged misconduct, there was no § 375(a) in Title 12. See 12 U.S.C. § 375 (2010). Furthermore, § 375a regulates a member bank's extension of credit to its executive officers on terms more favorable than those offered to others, not its sale of assets to, or purchase of assets from, its directors. See id. § 375a. As there are no allegations of the Bank extending credit to Macedo, Dinuro has failed to allege a violation of section 375a. The Court's interpretation is confirmed in Plaintiffs' Response: "[T]his is the classic case for the application of 12 U.S.C. §375(a) [sic]. That section prohibits a bank from selling a security to an insider on more favorable terms than offered to others. That is exactly what is alleged to have occurred here" [D.E. 25, p. 32].

8

B.  Jurisdictional Inquiry

This case was removed from state court pursuant to the general removal statute, 28 U.S.C. § 1441. The Court has original jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. However, the sole federal claim has been dismissed. Under section 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if [] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise this discretion, the Eleventh Circuit has instructed that considerations of judicial economy, convenience, fairness, and comity are relevant. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). Furthermore, the Eleventh Circuit expressly encourages the declining of supplemental jurisdiction under the circumstances presented here. Busse v. Lee Cnty., Fla., 317 F. App'x 968, 973-74 (11th Cir. 2009)("[W]e expressly encourage district courts [not to exercise supplemental jurisdiction over state-law claims] when all federal claims have been dismissed pre-trial.").

As this case was removed to federal district court on February 17, 2012, it is still in the early stages of litigation. Additionally, the considerations of judicial economy, convenience, fairness, and comity weigh in favor of remand. Accordingly, the Court, in its discretion, DECLINES to exercise supplemental

9

jurisdiction over Plaintiffs' state-law claims and REMANDS these claims to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

## IV. CONCLUSION

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendants Merici, LLC; Starmac, LLC; SR Acquisitions - Florida City, LLC; SR Acquisitions - Homestead, LLC; Romac, LLC; Felma, LLC; SR Acquisitions, LLC; Felca, LLC; and Javier Macedo's Motion to Dismiss Plaintiffs' Second Amended Complaint [D.E. 14] is **GRANTED in part**. Count VI is **DISMISSED**. It is further

**ORDERED AND ADJUDGED** that all remaining Counts are **REMANDED**. The Clerk is directed to remand this matter to the state court and to **CLOSE** this case. It is further

**ORDERED AND ADJUDGED** that Defendant Ocean Bank's Motion to Dismiss Plaintiffs' Second Amended Complaint [D.E. 15] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2012.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE